UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DAVID APONTE

                              Plaintiff,

        -against-

CITY OF NEW YORK,
POLICE OFFICERS JANE DOE #1-2, and
POLICE OFFICERS JOHN DOE #1-5,

                              Defendants.
-------------------------------------------------------X

Ind. No.: 26-CV-0087

**COMPLAINT**

Plaintiff Demands Trial by Jury

Plaintiff, DAVID APONTE, by and through his attorney, Alexis Padilla, complaining of

the defendants CITY OF NEW YORK, POLICE OFFICERS JANE DOE #1-2 and POLICE

OFFICERS JOHN DOE #1-5, upon information and belief, alleges the following:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff, DAVID APONTE, seeks relief

for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. §

1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff

seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and

such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the

plaintiff's constitutional and civil rights.

1

3.    Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

## JURY TRIAL DEMANDED

4.    Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.    Plaintiff DAVID APONTE is a citizen of full age and a resident of Kings County, State of New York.

6.    Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York which maintains its primary place of business within the Southern District of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7.    Defendant POLICE OFFICERS JANE DOE #1-2 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICERS JANE DOE #1-2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and

2

authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

8.    Defendant POLICE OFFICERS JOHN DOE #1-5 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE #1-5 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

9.    On or about July 27, 2025, at approximately 10:30 P.M., in front of 441 Alabama Avenue, plaintiff was lawfully present on the sidewalk in front of his residence when he was approached by defendant POLICE OFFICERS JANE DOE #1-2.

10.    The defendant officers instructed plaintiff to move.

11.    Plaintiff, who was seated, stood up and attempted to speak to one of the officers, but as soon as he rose from his chair, he was swarmed by defendant POLICE OFFICERS JOHN DOE #1-5, who forced plaintiff to the ground and proceeded to kick and punch him about his head and body.

12.    Plaintiff was eventually handcuffed and taken to a police vehicle.

13.    Plaintiff was then transported to the 75th Precinct of the NYPD, where he was placed in a holding cell.

14.    Plaintiff, who suffered cuts and bruises to his face, head and body as a result of the beating that he endured from the defendant officers, sought medical attention while in custody and was taken to Brookdale Hospital.

15.    When he returned to the precinct from the hospital, he was placed back in the same holding cell and held there for approximately 24 hours before being transferred to central booking in Brooklyn.

16.    At central booking, he was charged with obstructing governmental administration and resisting arrest. All charges against plaintiff were eventually dismissed.

17.    Plaintiff sought medical attention at Jamaica Hospital immediately after he was released, complaining of persistent pain in his neck. He also saw his primary care doctor related to the same pain.

18.    Since this incident, plaintiff has been receiving physical therapy once a week to treat his injuries.

19.    At no time during the events described above did plaintiff commit any act for which he could lawfully be arrested.

20.    At no time during the events described above did the defendant officers have probable cause or any other legal justification to arrest plaintiff.

21.    At no time during the events described above did plaintiff commit any act for which the use of force was a justifiable response.

22.    At no time during the events described above did the defendant officers have probable cause or any other legal justification to use force against plaintiff.

23.     As a result of the illegal use of arrest power and the unjustified use of force by the defendant officers, plaintiff did suffer injury, including cuts and bruises about his head, face and body, the loss of liberty and the violation of his rights under the United States Constitution.

## AS FOR A FIRST CAUSE OF ACTION

***False Arrest as against all defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983***

24.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

25.     At all times during the events described above defendants lacked probable cause to arrest plaintiff.

26.     Each of the aforementioned acts of the defendant Police Officers were carried out under the color of state law.

27.     All the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28.     The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

29.     At all times relevant to this Complaint, each of the defendants had a constitutional obligation to intervene and put a stop to the abuse of arrest power by their colleagues.

30.     At all times relevant to this Complaint, each of the defendants had an opportunity to intervene and put a stop to plaintiff's illegal detention and each of the defendants failed to do so.

31.     The acts and omissions complained of resulted in plaintiff's unlawful loss of liberty.

32.     The acts and omissions complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A SECOND CAUSE OF ACTION

*Excessive Force as against all defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

33. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

34. At all times during the events described above the defendant police officers lacked probable cause to use force against plaintiff.

35. All of the aforementioned acts of defendants were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

38. At all times complained of, each of the defendants had an obligation to intervene and put a stop to the use of excessive force by their colleagues and each of them failed to do so despite having an opportunity to act.

39. The acts and omissions complained of resulted in pain and injury to plaintiff.

40. The acts and omissions complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

41. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants.  The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

43.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

44.     At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and arrest power as described in this Complaint.

45.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful policies, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount

to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as

this Court may deem just and proper.

Dated: January 7, 2026
      Brooklyn, NY

By:         */s/Alexis G. Padilla*
            Alexis G. Padilla, Esq. [AP7400]
            *Attorney for Plaintiff*
            *David Aponte*
            378 Lewis Avenue #6
            Brooklyn, NY 11233
            Tel. (917) 238-2993
            alexpadilla722@gmail.com