

| | | |
|---|---|---|
| **STEVEN BANKS**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **ZOE RESZYTNIAK**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2537<br>fax: (212) 356-3509<br>zreszytn@law.nyc.gov |

June 9, 2026

**VIA ECF**
Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*The conference is adjourned to 6/14 at 11:00 am.*
*Denise Cote*
*6/10/26*

> Re:    David Aponte v. City of New York, et al.
> 26 Civ. 00087 (DLC)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department representing Defendant the City of New York ("City") in the above-referenced matter. The parties write jointly to request that the initial conference scheduled for June 12, 2026 at 2:00 p.m., be adjourned until after the parties partake in mediation consistent with Local Civil Rule 83.10, presently scheduled for June 24, 2026. (See ECF No. 12; June 3, 2026 Docket Entry). This is the second joint request for an adjournment of the initial conference in this matter.

By way of background, Plaintiff initiated this action on January 7, 2026 alleging violations to his civil rights in connection with an apparent incident occurring on July 25, 2025, against the City and a three "John and Jane Doe" individuals purportedly employed by the New York City Police Department ("NYPD"). (See ECF No. 1). As noted by the first January 8, 2026 Docket Entry, this case is proceeding under the Southern District of New York's Local Civil Rule 83.10, (formerly the "the Section 1983 Plan") (hereinafter "Local Civil Rule 83.10"). (See first January 8, 2026 Docket Entry). On January 12, 2026, the Court scheduled an initial conference in this matter for May 1st, 2026. (See ECF No. 6). On April 27, 2026, the parties requested an adjournment of the conference, *sine die*, until a mediation was scheduled in this matter consistent with Local Civil Rule 83.10 and that a mediator be assigned. (See ECF No. 11). On April 28, 2026, the Court granted this request in part, ordering that:

> [T]his case is referred for mediation to the Court-annexed Mediation Program to occur in May 2026. The parties are notified that Local Rule 83.10, the district's§ 1983 Plan, shall govern the mediation and

are directed to participate in the mediation in good faith. The mediation will have no effect upon any scheduling Order issued by this Court without leave of this Court. IT IS FURTHER ORDERED that the initial pretrial conference scheduled for May 1, 2026 is adjourned to June 12, 2026 at 2:00 p.m.

(See ECF No. 12).

Since that time, a mediator has been assigned to this matter. However, despite the parties' best efforts, due to professional and personal scheduling constraints – in addition to needing more time to obtain some of Plaintiff's medical records – the mediation originally scheduled for May 18, 2026, and then later May 29, 2026, did not proceed as planned within the timeframe proscribed by the Court's most recent order.[1] (See ECF No. 12). The mediation has since been rescheduled to June 24, 2026. (See June 3, 2026 Docket Entry). As the mediation in this matter has yet to take place, and may ultimately render an initial conference moot, an adjournment of the presently scheduled initial conference will function to preserve the parties and Courts' time. Further, Plaintiff's counsel is presently assigned to an ongoing felony trial and will be unavailable this Friday, June 12, 2026, as a result.

Accordingly, for the reasons detailed above, the parties respectfully request that the initial conference scheduled for June 12, 2026 be adjourned to a date after the June 24, 2026 mediation, if still necessary. The parties are available for a rescheduled conference as follows: August 14th, 2026, at any time; August 21st, 2026 at anytime; August 28th, 2026, at anytime; and/or another date and time suitable for the Court and parties to appear for a rescheduled conference.

The parties thank the Court for its time and consideration.

Respectfully submitted,

/s/ *Zoe Reszytniak*

Zoe Reszytniak
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:    **VIA E.C.F.**
       Counsel of Record

---

[1] Specifically, the mediation scheduled for May 29, 2026 had to be rescheduled at defense counsel's request due to an unavoidable personal matter and June 24, 2026, was the earliest date thereafter the parties could appear for the rescheduled mediation. Both the assigned mediator and Plaintiff's counsel were made aware of the specific underlying circumstance when the undersigned requested the adjournment of the May 29, 2026 mediation. Should the Court require additional detail, the undersigned can elaborate via email and will copy Plaintiff's counsel to any such correspondence.

2